Nov. Term, 1839.

FLEMING v. NEWMAN.

---

FLEMING and Another *v.* NEWMAN.

In a suit by the assignee of the payee against the maker of a promissory note, the defendant cannot give evidence of declarations made by the payee after his assignment, prejudicial to the interests of the plaintiff.

*Saturday, November 23.*

APPEAL from the *Wayne* Circuit Court.

SULLIVAN, J.—*Newman*, assignee of *Shambourie*, brought an action of debt, on a promissory note, against *Fleming* and *Mansur*. The defendants pleaded four pleas. To the second, a special demurrer was filed, which was sustained by the Court, and to the first, third, and fourth, the plaintiff replied, and issues were made to the country. The facts, by consent of parties, were tried by the Court, and judgment was given for the plaintiff.

The first error assigned is, that the Court sustained the demurrer to the second plea, when it should have been overruled. In this there was no error. The plea is uncertain and obscure. It is neither a plea of payment nor of accord and satisfaction, and was, we think, clearly bad on special demurrer.

On the trial, the defendants introduced an account against *Shambourie*, the payee of the note, and offered to prove by a witness, that the account had been presented to *Shambourie* by *Fleming* during the term of the Court then in session, and that *Shambourie* then admitted that all the items of said account were just and true, and that the articles of which the account was composed were received by him in full satisfaction of the note on which the suit was brought. The plaintiff objected to the proof offered, and the Court sustained the objection. This is the second error assigned.

The Court did right in rejecting the testimony as inadmissible. *Shambourie*, if disinterested, was a competent witness and ought to have been introduced by the defendants, and sworn on the trial; if interested in the event, neither his oath nor admissions could be received. What he had said was not the best evidence, when he himself could be called. To have received his declarations would have been a violation of one of the plainest rules of evidence.

The testimony was inadmissible in another point of view. *Shambourie*, at the time the admissions were made, had assigned the note on which suit was brought to *Newman*, of which the defendants had notice by suit in *Newman's* name. The admissions of the indorser of a note or bill, prejudicial to the interests of his indorsee, cannot be received, if made after he has parted with the instrument. They should be made at a time, when the admissions are adverse to his interests. *Duckham* v. *Wallis*, 5 Esp. Rep. 251.— *Frear* v. *Evertson*, 20 Johns. Rep. 142.—*Collenridge* v. *Farquharson*, 1 Stark. Cas. 259.—*Pocock* v. *Billing*, 2 Bing. Rep. 269.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. B. Ray* and *M. M. Ray*, for the appellants.
*J. S. Newman*, for the appellee.